IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-01475-WJM-KMT

CARLOS INNISS, on behalf of himself an all others similarly situated,

PLAINTIFF,

v.

ROCKY MOUNTAIN INVENTORY, INC., a Colorado corporation,
BRIAN HUNGERFORD, an individual,
JANINE HUNGERFORD, an individual, and
LINDA HUNGERFORD, an individual

DEFENDANTS.

## DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS THE COMPLAINT WITH PREJUDICE

Defendants, ROCKY MOUNTAIN INVENTORY, INC., BRIAN HUNGERFORD, JANINE HUNGERFORD, and LINDA HUNGERFORD, (collectively "Defendants"), by and through undersigned counsel at the law offices of Beckman Law Firm, LLC, respectfully move the Court for an order: 1) enforcing the Parties' settlement agreement entered into on February 25, 2020, and, 2) dismissing the complaint (Dkt. #1) with prejudice, stating as follows:

**Certification of Compliance with D.C. COLO.LCivR 7.1(a):** Counsel for Defendants conferred with Plaintiff's counsel regarding this Motion over the phone and by email. Plaintiffs' counsel responded via email with the following statement, "Due to the conflict of interest which is the predicate of the Motion to Withdraw filed October 1, 2020, we are unable to provide you with a position on a motion to enforce."

1

## INTRODUCTION

Upon joint motion, on February 25, 2020, the Parties attended a nearly seven (7) hour Settlement Conference with Magistrate Judge Kathleen M. Tafoya. The Settlement Conference was a continuation of a previous Settlement Conference held between Parties and Judge Tafoya on July 8, 2019. At the end of the February 25, 2020 conference, the Parties executed a document entitled "Material Terms of Settlement Agreement" ("Agreement"). Plaintiff agreed to release all claims that were or could have been brought, whether known or unknown, against all Defendants in this lawsuit, in exchange for payment from Defendants. The Parties expressly agreed that the Agreement was "binding and enforceable."

The Agreement outlined deadlines by when Defendants must make the settlement payment. Due to Covid-19 related issues with obtaining financing, the Parties agreed on three (3) extensions for the payment date. The Parties filed joint motion(s) to extend the payment deadline on March 25, 2020; June 24, 2020; and August 25, 2020, resulting in a final due date of September 25, 2020. The Court approved every extension requested by the Parties. Defendants provided payment to Plaintiffs' counsel on September 25, 2020.[1]

Similarly, the Agreement contemplated that Defendants' counsel would take the lead in drafting a formal final settlement agreement ("Draft Release") encompassing the material terms. On September 13, 2020, following discussions between the Parties, Defense counsel provided Plaintiffs' counsel with a finalized version of the Draft Release for signature. Although Plaintiffs' counsel initially indicated that Plaintiff would be executing the settlement agreement,

---

[1] Plaintiffs' counsel has agreed to hold the check(s) for safekeeping while this Motion is pending.

defense counsel was later informed that Plaintiff refused to sign the document. Plaintiffs' counsel filed a motion to withdraw on October 1, 2020.

As the Parties reached a fully-enforceable Agreement on February 25, 2020, and because the intent of that Agreement was to, among other things, avoid unnecessary fees and costs, Defendants request the Court exercise its inherent power to enforce the terms of the Agreement and dismiss the complaint (Dkt. #1) with prejudice.

## STATEMENT OF FACTS

1. Plaintiff filed his complaint (Dkt. #1) on or about June 13, 2018.

2. Upon joint motion of the Parties (Dkt. # 65), the Court held a settlement conference on July 8, 2019, with Judge Tafoya. (Dkt. #68). While the Parties sought in good faith to reach an agreed settlement of the case at the conference, they were unable to reach a resolution. (Dkt. #71).

3. On January 20, 2020, the Parties filed a Joint Motion to Reconvene Settlement Conference, (Dkt. #102) which was granted on January 21, 2020. (Dkt. #104).

4. The Parties attended the reconvened Settlement Conference with Judge Tafoya on February 25, 2020 and reached a settlement as to all claims. (Dkt. #111).

5. On February 25, 2020, the Parties executed a document entitled "Material Terms of Settlement Agreement," ("Agreement") which contained clearly defined terms, including that it was "binding and enforceable." (Beckman Decl. at ¶ 4; Exhibit 1).

6. The Agreement contemplated that Defendants would have thirty (30) days, or until March 26, 2020, to obtain financing and ninety (90) days, or until May 25, 2020 to make payment. *Id.*

7. Similarly, the Agreement contemplated that Defendants' counsel would take the lead in drafting a formal final settlement agreement encompassing the material terms. *Id.*

8. On February 25, 2020, the Court entered a Minute Order (Dkt. #111) stating, "A settlement conference was held on this date, and a settlement was reached as to all claims."

9. The Court ordered the Parties to file a status report by March 25, 2020, regarding certain aspects of the settlement plan. *Id.*

10. On February 26, 2020, the Court entered an Order extending the discovery and dispositive motion deadlines to facilitate settlement. (Dkt. #110)

11. The Parties filed a Joint Status Report and Motion for Extension on March 25, 2020, noting that Covid-19 was affecting Defendants' ability to obtain financing and requesting until June 24, 2020, for Defendants to obtain financing and until August 24, 2020, to make payment. (Dkt. # 113).

12. The Court granted the request and extended the deadlines under the Agreement on March 26, 2020 (Dkt. #115).

13. On June 24, 2020, Defendants filed a Status Report and Unopposed Motion to Vacate Upcoming Dates. (Dkt. #116). Defendants requested that all case deadlines be vacated except for the August 24, 2020 deadline to make payment. *Id.*

14. The Court granted the agreed-upon extension on August 5, 2020. (Dkt. #118).

15. Defense counsel provided Plaintiffs' counsel with a draft of the Draft Release on August 24, 2020, and again on September 4, 2020. (Beckman Decl. at ¶ 5-6; Exhibits 2, 3).

16. Plaintiffs' counsel provided clarification of payment terms under the agreement on September 10, 2020. (Beckman Decl. at ¶ 7; Exhibit 4).

17.     On September 13, 2020, defense counsel provided Plaintiffs' counsel with a revised draft of the Draft Release. (Beckman Decl. at ¶ 8; Exhibit 5).

18.     Plaintiffs' counsel provided proposed changes to the agreement on September 14, 2020. (Beckman Decl. at ¶ 9; Exhibit 6).

19.     Defense counsel approved the changes and sent the documents for signature on that day. (Beckman Decl. at ¶ 10; Exhibit 7).

20.     On September 15, 2020, Plaintiffs' counsel confirmed that Plaintiff should be able to sign with sufficient time for Defendants to mail the check before the September 25, 2020 payment date. (Beckman Decl. at ¶ 11; Exhibit 8).

21.     Defendants filed a Status Report and Motion for Extension requesting until September 25, 2020 to either: 1) notify the Court that the settlement payment was made; 2) request a further extension; or, 3) to file a motion to reschedule the vacated dates and proceed with the litigation. (Dkt. #119).

22.     The Court granted the agreed-upon extension request on August 25, 2020 (Dkt # 121).

23.     The Parties filed a Joint Status Report on September 25, 2020, noting that: 1) Defendants had secured financing; 2) Defendants had delivered the checks to Plaintiffs' attorney; and, 3) counsel for the Parties had agreed on the final form of the Draft Release. (Dkt # 122).

24.     The Parties requested until October 2, 2020 to obtain signatures on the Draft Release and provide a status update to the Court on that day. *Id.*

25.     Defendants provided the settlement payment to Plaintiffs' counsel on September 25, 2020. (Beckman Decl. at ¶ 12; Exhibit 9).

26. Defendants signed the Draft Release on September 25, 2020 and provided the partially executed version to counsel for Plaintiffs on September 28, 2020. (Beckman Decl. at ¶ 13; Exhibit 10).

27. The Court granted the extension request on September 28, 2020 and ordered the Parties to file a supplemental status report on or before October 2, 2020. (Dkt. #123).

28. On October 1, 2020, counsel for Plaintiffs informed defense counsel that the named Plaintiff refused to sign the final form of the settlement agreement. (Beckman Decl. at ¶ 14).

29. Plaintiffs' counsel filed a motion to withdraw on October 1, 2020. (Dkt. #124).

30. The Parties filed a Joint Status Report on October 2, 2020. (Dkt. #126).

## ARGUMENT

**A.     The Court has the Power to Enforce the Agreement**

Settlement agreements are routinely enforced in Colorado. *See, e.g. Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997); *Griego v. Kokkeler*, 543 P.2d 729, 730 (Colo. Ct. App. 1975). A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *Joseph Brazier, LTD. V. Specialty Bar Products Co.,* No. 06-cv-01416-WDM-KLM, 2009 WL 690308 at *2 (D. Colo. March 12, 2009) (quoting *Shoels v. Klebold*, 375 F. 3d 1054, 1060 (10th Cir. 1993). The law favors compromise and settlements so such resolution will typically be sustained by the court. *R.T.C. v. Avon Center Holdings, Inc.,* 832 P.2d 1073, 1075 (Colo. App. 1992). A court may summarily enforce a settlement agreement and enter a judgment dismissing the action with

prejudice, if it is undisputed that a settlement exists. *Difrancesco v. Particle Interconnect Corp.*, 39 P. 3d 1243, 1247 (Colo. App. 2001).

### B.   Colorado Contract Law Applies to the Enforcement of Settlement Agreements

A settlement agreement is a contract between two parties so basic contract law applies to enforcement. *Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (*citing Devine v. Ladd Petroleum Corp.*, 743 F. 3d 745 (10th Cir. 1984). The trial court must apply state law regarding the formation, construction, and enforcement of the purported settlement agreement to determine whether to enforce a settlement agreement. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000); *see also, Rauch v. Sutphin Elec. Motors Corp.,* Case No. 05-cv-02429-REB-BNB, 2007 WL 184667, at *4 (D. Colo. Jan. 19, 2007). Thus, Colorado law governs the formation and construction of the settlement agreement at issue in this case. *Id.*

Plaintiff voluntarily and unequivocally accepted the Agreement, in writing, on February 25, 2020. Similarly, Plaintiff was represented by counsel during the Settlement Conference(s) and when he signed the Agreement. The signed Agreement shows there was a meeting of the minds as to the terms and conditions of the compromise and settlement and that the Parties agreed upon all essential terms.  The Agreement terms are clear, unambiguous, and do not, on their face, require further negotiation.

### C.   The Proposed Draft Release Has No Bearing on the Enforceable Agreement

Even though the Parties did not execute the final form of the settlement agreement, the February 25, 2020 Agreement is still enforceable. The mere intention to reduce an informal agreement to writing, or to a more formal writing, is not sufficient to show that the parties intended that the informal contract should be without binding force until such formal writing was

7

executed. *I.M.A., Inc., v. Rocky Mountain Airways, Inc.,* 713 P.2d 882, 888 (Colo. 1986). A settlement agreement acknowledged by the parties is valid and enforceable even if a final written settlement document was contemplated by the parties but not executed. *Citywide Bank of Denver v. Herman*, 978 F. Supp. 966, 977 (D. Colo. 1997) (citing *Devine v. Ladd Petroleum Corp.*, 743 F.2d 745 (10th Cir.1984); *see also, DiFrancesco*, 39 P.3d at 1248.

The Agreement was not conditioned on or expressly made subject to the execution of a later formal written agreement. Similarly, the final form of the settlement agreement did not modify any material terms. The Parties expressly stated that the Agreement itself was "binding and enforceable." Further, with this Motion, Defendants are not seeking to enforce the Draft Release. Rather, the Agreement at issue is the one accepted in writing by Plaintiff on February 25, 2020. As such, the Draft Release is irrelevant and has no bearing on the relief sought in this Motion.

## CONCLUSION

The Court possesses the inherent power to enforce the February 25, 2020 Agreement as the undisputed facts demonstrate Plaintiffs' unequivocal written acceptance of the settlement. Basic contract law principles unquestionably lead to the conclusion that the settlement agreement is enforceable. The mere fact that the Parties attempted to memorialize the settlement agreement in a more formal writing does not invalidate the same. Thus, irrespective of whether Plaintiff executed the formal settlement and release agreement; the February 25, 2020 settlement was fully accepted and should be enforced by this Court.

Therefore, Defendants respectfully request this Court grant Defendants' Motion to Enforce the Settlement Agreement and dismiss the case *with prejudice,* with each party to bear its own attorney fees and costs.

Respectfully submitted this 4th day of October 2020.

                                                BECKMAN LAW FIRM, LLC.

                                                s/ *Kate W. Beckman*_____
                                                Kate W. Beckman, Esq. #42416
                                                26 W. Dry Creek Circle, Ste. 420
                                                Littleton, Colorado 80120
                                                (p) 303-946-0932 (f) (303) 747-3665
                                                kate@beckmanlegal.com
                                                ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2020, the foregoing **MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS THE COMPLAINT WITH PREJUDICE** was filed via CM/ECF Filer, with notice upon counsel for Plaintiffs, as follows:

Paul F. Lewis, Esq.
Michael D. Kuhn, Esq.
Andrew E. Swan, Esq.
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Ste. 101
Colorado Springs, CO 80903
(p) (719)694-3000
(f) (866) 515-8628
plewis@lks.law
mkuhn@lks.law
asawn@lks.law
ATTORNEYS FOR PLAINTIFFS

        BECKMAN LAW FIRM, LLC.

        s/ *Kate W. Beckman*_____
        Kate W. Beckman, Esq. #42416
        26 W. Dry Creek Circle, Ste. 420
        Littleton, Colorado 80120
        (p) 303-946-0932 (f) (303) 747-3665
        kate@beckmanlegal.com
        ATTORNEYS FOR DEFENDANTS