IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1475-WJM-KMT

CARLOS INNISS, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

ROCKY MOUNTAIN INVENTORY, INC., a Colorado corporation,
BRIAN HUNGERFORD, an individual,
JANINE HUNGERFORD, an individual, and
LINDA HUNGERFORD, an individual,

    Defendants.

## ORDER GRANTING STIPULATED MOTION TO DISMISS

This is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. In addition to the FLSA claim asserted as the First Claim for Relief, Plaintiff Carlos Inniss asserted a Second Claim for Relief as a putative class action under Colorado Wage Payment Act and Colorado Wage Order, 7 Colo. C. Reg. § 1103-1. (ECF No. 26 ¶¶ 49–63.) Class certification of the Second Claim for Relief was never sought or obtained. The Third Claim for Relief is an individual claim by Plaintiff for unlawful retaliation under the FLSA. (*Id.* ¶¶ 64–70.)

After two settlement conferences with United States Magistrate Judge Kathleen M. Tafoya, the parties reached a settlement. The parties filed a Stipulated Motion to Dismiss (the "Motion") (ECF No. 130) asking that the Court dismiss the First and Second Claims for Relief without prejudice and dismiss the Third Claim for Relief with

prejudice. The parties suggest that because of the structure and circumstances of the settlement, a fairness hearing to approve the settlement is unnecessary. (*Id.* at 2.)

On October 21, 2020, Judge Tafoya recommended that this Court "accept the stipulated dismissal without need for further hearings and that the court dismiss the wage claims <u>without prejudice</u> and dismiss the retaliation claims <u>with prejudice</u>." (ECF No. 131 (emphasis in original).)

The Court's general practice is to conduct fairness hearings to approve FLSA settlement agreements. *See, e.g.*, *Shahlai v. Comcast Cable Commc'ns Mgmt., LLC*, 2020 WL 3577395 (D. Colo. July 1, 2020); *Diaz v. Lost Dog Pizza, LLC*, 2019 WL 2189485 (D. Colo. May 21, 2019). However, for the following reasons, the Court finds a fairness hearing in this case is not necessary.

The parties have represented to the Court in the Motion, and Judge Tafoya's Courtroom Minutes (ECF No. 131) confirm, that the settlement agreement reached here allows all members of the FLSA collective to reject the proposed settlement payment tendered to them and to prosecute those wage claims on their own behalf with appropriate tolling. *See Fails v. Pathway Leasing LLC*, 2018 WL 6046428, at *3 (D. Colo. Nov. 19, 2018) (judicial review of merits of FLSA settlement agreement not required where all opt-in plaintiffs can be contacted to obtain consent). Said another way, every member of the collective will have an opportunity to reject the settlement as to that member. Every member of the collective has an opportunity to "opt out" of the settlement by simply not cashing the member's check.

Further, the history of this action demonstrates that this litigation represents a bona fide dispute. *See id.* (judicial review of merits of FLSA settlement agreement not

2

required where agreement pertains to a bona fide dispute).  Defendants have filed several dispositive motions, including an unresolved Motion for Partial Summary Judgment (ECF No. 84) following the denial of a Partial Motion to Dismiss (ECF No. 64).  In addition, the parties required two settlement conferences, both overseen by Judge Tafoya, in order to resolve their disputes.

The settlement of this case lacks a "defect in either the settlement agreement itself or in the settlement process that [] require[s] an inquiry as to whether the dispute is bona fide."  *Fails*, 2018 WL 6046428, at *4.  Likewise, because each member of the collective has an opportunity to accept or reject the proposed settlement as to that member, the concern which may arise when "not all opt-in plaintiffs can be contacted to obtain consent to a settlement agreement," *id.* at *3, is absent.  Hence, the Court concludes in its discretion that under these circumstances, a fairness hearing is not required.

For the reasons set forth above, the Court ORDERS as follows:

1. The Stipulated Motion to Dismiss (ECF No. 130) is GRANTED;
2. The dismissal is WITHOUT PREJUDICE as to the claims asserted as the First Claim for Relief (collective claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.) and Second Claim for Relief (claims asserted under the Colorado Wage Payment Act and Wage Order, 7 Colo. C. Reg. § 1103-1); and WITH PREJUDICE as to the Third Claim for Relief (Individual Claim for Retaliatory Discharge);
3. All parties shall bear their own costs and attorneys' fees; and
4. The Clerk shall close the file.

Dated this 28th day of October, 2020.

BY THE COURT:

William J. Martínez
United States District Judge